| 1 | UNITED STATES DISTRICT COURT |
| 2 | NORTHERN DISTRICT OF CALIFORNIA |

In re MARVIN HARRIS,

Case Nos. 96-cv-03827-DLJ (PR), 96-cv-03828-DLJ (PR), 97-cv-00501-DLJ (PR)

**ORDER DENYING PLAINTIFF'S MOTIONS TO DISMISS/FORGIVE FILING FEES IN THE ABOVE-REFERENCED ACTIONS**

These are closed civil rights actions. The Court denied Plaintiff's motions for leave to proceed *in forma pauperis* ("IFP") and dismissed the instant actions. Any appeals pursued in these actions were terminated because Plaintiff did not pay the filing fees for the appeals.

Before the Court are identical motions and declarations filed in each action, in which Plaintiff claims that the Court's Finance Department sent him a "past due notice" to pay the outstanding filing fees, including filing fees for appeals. Plaintiff alleges that he is unable to pay any filing fees, and he requests that the Court dismiss or forgive the filing fees in these actions.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor. *See* 28 U.S.C. § 1915(a). If the plaintiff is a "prisoner" who alleges that he is unable to pay the full filing fee at the time of filing, he must submit (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See id.* § 1915(a)(1),(2).

If the Court determines that the plaintiff is unable to pay the full filing fee at the time of filing, the plaintiff will be granted leave to proceed IFP. However, 28 U.S.C. § 1915(b)(1) only authorizes the district court to waive ***prepayment*** of the filing fee, not the filing fee itself. *See* 28 U.S.C. § 1915(b)(1). Thus, payment of the ***full filing fee*** is required of the party who institutes the action, whether or not he or she is proceeding IFP. 28 U.S.C. §§ 1914, 1915(b)(1).

Here, Plaintiff's motions for leave to proceed IFP were denied, and the filing fees were due when he filed each of the actions at issue. Moreover, there are no valid grounds to waive these filing fees or any filing fees for appeals. Accordingly, Plaintiff's request to dismiss or forgive the filing fees in the above-reference actions is DENIED on the ground that the Court has no authority to waive the filing fees. *See id.* Therefore, the Court's Finance Department may still collect the outstanding filing fees in these actions from Plaintiff.

IT IS SO ORDERED.

Dated: November 17, 2017

_____
YVONNE GONZALEZ ROGERS
United States District Judge